# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * *
DEAN STANFORD,                    *
                                  *    No. 14-1216
                Petitioner,       *    Special Master Christian J. Moran
                                  *
v.                                *
                                  *
SECRETARY OF HEALTH               *    Filed: December 23, 2014
AND HUMAN SERVICES,               *
                                  *
                Respondent.       *
* * * * * * * * * * * * * * * * * * * * * * *
```

## INITIAL ORDER

**A.    Initial Status Conference**

Rule 4(a) requires respondent to determine the completeness of the Petition within 30 days after its filing. The purpose behind this rule is to provide an early check on whether petitioner complied with the Vaccine Act's petition content provision. 42 U.S.C. §§ 300aa-11(c). Only if a complete Petition was filed can respondent comply with Rule 4(c), which requires respondent to file a Report setting forth its complete legal and medical analysis of the case.

Per Rule 4(b), the court will conduct a conference call with the parties within 45 days after the Petition's filing date of December 19, 2014 to discuss requests for records, legal impediments to the claim, such as jurisdictional roadblocks, the need for medical testing, suggested procedures for resolving the dispute, and any other matter the parties deem relevant. The court anticipates an open dialogue focused on positioning the case for early disposition. At the close of the discussion, the court will discuss a scheduling order for future proceedings and a formal order will follow.

Accordingly, the initial status conference in this case shall be held on **Tuesday, January 20, 2015 at 2:30 P.M. Eastern Time.** The Office of Special Masters will initiate the call. Respondent's Rule 4(c) Report is due on **Thursday, March 19, 2015** unless otherwise modified by the court.

**B.    Motions for Enlargements of Time**

The parties are advised that, as a matter of course, motions for enlargements of time should be filed in writing in advance of the deadline. In an emergency situation, counsel may

make an oral motion. For additional guidance on filing a motion for an enlargement of time, the parties are advised to see Vaccine Rule 19.

C.    **Damages Issue Expenditures**

Petitioner's counsel shall from this point forward defer any expenditure of time or funds on the damages issue in the case until the entitlement issue is resolved, or the undersigned directs otherwise.

D.    **Attorneys' Fees and Costs**

A petitioner may be awarded costs and attorneys' fees incurred in the action regardless of its outcome. Any award of attorneys' fees will be obtained by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate – usually the rate that counsel charges to ordinary non-Vaccine Act clients. Accordingly, petitioner's counsel is directed to maintain contemporaneous time records of all case-related activities. Eventually, any application for attorneys' fees must include a detailed summary of the time and activity records of each person for whom time is being charged. If fees and costs from a prior civil action are sought under the Vaccine Act, similar records concerning that action must also be provided.

Further, careful records concerning costs should also be kept. The program will reimburse only those costs that were reasonably incurred. When an application for fees and costs is eventually filed, each cost item will need to be listed separately, and any expenses that are not self-explanatory will need to be explained. Requests for expert witness costs will be required to include the expert's statement of the hours worked and specification of the hourly rate claimed, and may require a showing that such rate is "reasonable" under all the circumstances.

E.    **Future Filings**

When either party files any further documents that could in any way constitute evidence, including affidavits and experts' reports as well as records, each such document shall be given an exhibit number (or letter, by respondent) consecutive to those exhibits already submitted, including those submitted with the petition or report. (E.g., if exhibits 1 through 12 were submitted with a petition, further documents submitted by petitioner, even those submitted at a hearing, should be numbered Ex. 13, Ex. 14, etc.) Each page of each exhibit must also be numbered; the numbering should be done prior to copying the documents for filing, so that each copy has identical page numbers.

F.    **Expedited Settlement**

An expedited settlement (fast) track has been created in which cases that are amenable to early resolution through settlement and minimization of litigation costs can be placed. Cases appropriate for this track include cases where (1) the petition provides a comprehensive yet concise summary of the claim; (2) the petitioner filed a complete set of medical records and required affidavits with the petition; (3) the submitted medical records support a finding that the vaccinee actually suffered the injury alleged to have been caused by the vaccine; (4) the case law

is likely to be influential in resolution of the case, or there is readily available medical literature or other reliable scientific evidence supporting a causal relationship between the vaccine and the alleged injury; and (5) damages are relatively limited or are otherwise easy to ascertain (*i.e.*, substantiated by documentation without a need for expert analysis).  At the outset of the case, should the case be appropriate for expedited settlement track, a party should notify the special master.

Upon agreement of the parties, the case will be placed on an expedited settlement track.  Placement on such track shall result in an order (1) suspending all further deadlines to allow the parties a period of time in which to engage in settlement negotiations; (2) directing the parties to file a joint status report within 90 days of the date of the order reporting their progress in reaching an agreement to settle the case; and (3) directing the parties to file additional status reports every 30 days thereafter, up to 180 days from the date of the referral order.

### G.     Availability of Alternative Dispute Resolution (ADR)

As part of our commitment to resolving Vaccine Act cases quickly and efficiently, the special masters have often utilized a variety of Alternative Dispute Resolution (ADR) procedures.  The court would like both parties to consider the use of ADR procedures to resolve this dispute.  In some cases, use of one of those procedures may result in resolving a case in substantially less time that it would take under the more formal case-resolution process ordinarily utilized by the court.  The ADR process is flexible, and the procedure utilized is tailored to the issues and the parties' recommendations for a given case.  Frequently, the assigned special master, or a special master other than the one who would ultimately decide the case, acts as a mediator between the parties, meeting with the parties together as well as with each side separately in an effort to foster an agreeable settlement.  Another form of ADR has involved the special master conducting a "mini-trial" to assess the potential benefits of settlement.  The court encourages the parties to take advantage of these services.  The parties should discuss the potential for ADR amongst themselves and with the court at the earliest possible point in the process.

### H.     Electronic Filing

As of July 15, 2011, the Court of Federal Claims requires petitioners represented by counsel to file by electronic means, subject to reasonable exceptions. CFC Vaccine Rule 17(b)(3); CFC Vaccine Rules Supplement to Appendix B, Electronic Case Filing Procedure in Vaccine Act Cases. The Supplement to Appendix B further states: "The court may convert a pending non-ECF case to an electronic case at any time." Supplement, II(3)(b).

### I.     Special Warning Concerning Hazard of "Voluntary Dismissal"

Once a Program petition is filed, a petitioner has two ways of leaving the Program while preserving the possibility of filing a civil action against a vaccine manufacturer or administrator on account of the same injury.  See 42 U.S.C. §§ 300aa-11(a)(2)(A).  First, a petitioner may choose to withdraw from the Program after notice that the statutory time for a decision has elapsed, pursuant to 42 U.S.C. §§ 300aa-21(b).  Second, a petitioner may leave the Program

3

following entry of "judgment" pursuant to a final "decision" by the special master, pursuant to 42 U.S.C. §§ 300aa-12(d)(3)(A).

Another way of leaving the Program is when a petitioner voluntarily dismisses his own claim, either unilaterally or via stipulation with respondent.  However, utilizing voluntary dismissal to leave the Program will not result in a "judgment," and therefore it apparently will not preserve that petitioner's right to file a tort suit against a vaccine manufacturer or administrator.  Vaccine Rule 21(a).  Petitioners should beware of this potential hazard, which has ensnared petitioners in the past.

If a petitioner or counsel has doubt about how to exit the Program, he or she may request a status conference with the special master.  Such a conference should be requested before a notice of voluntary dismissal is filed.

**J.     Contact Information**

In the event that a disruption in court operations renders the Office of Special Masters inaccessible, the parties are directed to consult the website of the United States Court of Federal Claims.  Alternatively, the parties may call the Clerk's Office, at (202) 357-6400.

Any questions regarding this order shall be directed to my law clerk, Christina Gervasi, at (202)-357-6521.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
