# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| DEAN STANFORD, | * | |
| | * | No. 14-1216V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: May 16, 2016 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; |
| AND HUMAN SERVICES, | * | Reasonable hourly rate |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Marvin Firestone and Michael Firestone</u>, Marvin Firestone and Associates, San Mateo, California, for Petitioner;
<u>Camille Collett</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Dean Stanford filed a motion for attorneys' fees and costs. The content was discussed in a status conference held on May 6, 2016. Mr. Stanford is awarded **30,038.91**.

\* \* \* \* \*

Mr. Stanford alleged that various vaccines caused him to develop Guillain-Barré syndrome. The medical records about the onset of his neurologic problems were not consistent and, therefore, the parties planned to conduct a hearing to allow the undersigned to find facts. However, in lieu of the fact hearing, the parties arranged an outside mediator to assist them in resolving the dispute. The efforts of the mediator were successful. Mr. Stanford was awarded compensation. 2015 WL 9272843 (Fed. Cl. Spec. Mstr. Nov. 16, 2015).

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On April 22, 2016, Mr. Stanford filed the pending motion for attorneys' fees and costs. Mr. Stanford requested $36,470.50 in attorneys' fees and $6,333.08 in attorneys' costs. The bulk of costs relates to services of the mediator. Mr. Stanford did not incur any costs personally.

On April 25, 2016, the Secretary file a response to Mr. Stanford's application. The Secretary did not identify any specific problems but asserted that a reasonable range for attorneys' fees and costs would be from $28,000 to $36,000. The Secretary cited three cases in support of her proposed range.

The lack of specific objections from the Secretary was not helpful. See Dorego v. Sec'y of Health & Human Servs., No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016). Nevertheless, because the Federal Circuit has set forth a structure for special masters to follow in awarding attorneys' fees and costs, the undersigned was compelled to reduce the amount requested. See Masias v. Sec'y of Health & Human Servs., 634 F.3d 1283, 1288-90 (Fed. Cir. 2011), Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348-50 (Fed. Cir. 2008), Rodgriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *16-19 (Fed. Cl. Spec. Mstr. July 27, 2009) (discussing high cost exception to forum rate), mot. for rev. denied, 91 Fed. Cl. 453 (2010), aff'd 632 F.3d 1381 (Fed. Cir. 2011).

The primary discrepancy concerns the requested hourly rates for Mr. Stanford's attorneys, Marvin Firestone and Michael Firestone. Marvin Firestone is charging $550 per hour and Michael Firestone is charging $385 per hour.

Both amounts exceed the amounts attorneys with comparable experience would charge in the forum as found in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Mr. Marvin Firestone belongs in the top tier of hourly rates because he has practiced law for more than 20 years, has attained a medical degree as well as a juris doctorate, and has led organizations concerned to medico-legal issues. However, Mr. Marvin Firestone has represented relatively few petitioners in the Vaccine Program. A reasonable hourly rate should account for this lack of experience. Mr. Marvin Firestone will be compensated at a rate of $400 per hour, which is 72 percent of the requested hourly rate.

Similarly, the rate proposed for Michael Firestone does not fit within the McCulloch ranges. Michael Firestone graduated with a joint MBA / JD degree in

2011.  Therefore, he falls in the McCulloch range of attorneys with 4-7 years' experience ($225 to $300).  Like his father, Michael Firestone has represented relatively few petitioners in the Vaccine Program.  A reasonable hourly rate for Michael Firestone is $260 per hour, which is 67 percent of the requested hourly rate.[1]

Less significant problems with the application for attorneys' fees include a request for reimbursement for work performed by a secretary, which is normally included in an attorney's overhead rate, and some duplication of work among the professional staff.

Based upon this analysis, a review of the timesheets, and the undersigned's experience, the application for attorneys' fees is reduced by 35 percent.  The proposed costs are entirely reasonable and adequately documented.

The undersigned GRANTS Mr. Stanford's motion and awards **$30,038.91**.  This shall be paid as follows:

**A lump sum of $30,038.91, in the form of a check made payable to petitioner and petitioner's attorney, Marvin Firestone, of Marvin Firestone and Associates, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[1] In the May 6, 2016 status conference, Mr. Stanford requested that Fouch v. Sec'y of Health & Human Servs., No. 13-799V (Fed. Cl. Spec. Mstr. Feb. 22, 2016), serve as a basis for finding a reasonable hourly rate for Michael Firestone.  The undersigned declines to follow Fouch.